# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:26-CV-238 |
| | ) | |
| v. | ) | JUDGES _____ |
| | ) | |
| REAL PROPERTY LOCATED AT, | ) | |
| UNIT 1705, IN SUGARTOP RESORT | ) | |
| CONDOMINIUM, | ) | |
| Aka 303 SUGAR TOP DRIVE #2705 | ) | |
| SUGAR MOUNTAIN, NORTH | ) | |
| CAROLINA 28604 | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and Daniel P. Nugent, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1.      In this *in rem* civil action, the United States of America seeks forfeiture of the property listed below:

> Real Property located at Unit 1705, in SugarTop Resort Condominium, aka 303 Sugar Top Drive, Unit 2705, Sugar Mountain, North Carolina 28604.

(hereinafter "defendant property")

2.      The United States of America seeks forfeiture of the defendant property pursuant to 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which

constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343. The United States of America also seeks forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) which authorizes forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957, or any property traceable to such property and any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1956 and/or 1957.

**THE DEFENDANT *IN REM***

3.      The United States seeks forfeiture of the following defendant property, with all buildings, appurtenances, improvements, and attachments thereon, which are more fully identified and more particularly described below:

> <u>Real Property Located at Unit 1705, in SugarTop Resort Condominium, aka 303 Sugar Top Drive, Unit 2705, Sugar Mountain, North Carolina 28604</u> and more particularly described as follows:
>
> All that certain lot, parcel of land or condominium unit situated in the City of Sugar Mountain, Sugar Mountain City, Avery County, North Carolina and more particularly described as follows:
>
> THE PROPERTY ("Property") is Unit 1705, in SugarTop Resort Condominium, also known as 303 Sugar Top Drive#2705, Sugar Mountain, NC 28604, a condominium which is more fully described in the Declaration of Unit Ownership for Sugar Top Resort, and its attachments, exhibits, and amendments (the "Declaration"). The Declaration is dated October 10, 1983, and is recorded in Book 146 of Deeds, at Page 402 (amended in Book 173, at Page 936; Book 174, at Page 335; Book 198, at Page 756; Book 200; at Page 370; and Book 390 at Page 1105), and Book 4 of Condominiums, at Page 16 (amended in Book 4, at Page 17; and Book 6, at Page 6), of the Avery county, North Carolina, Public Registry.
>
> For further reference see North Carolina General Warranty Deed recorded on May 17, 2024, in the Avery County Tax Office for Avery County, North Carolina as No. 2024002053, in Book RE 599, Pages 945-947.

2

4.  The defendant property has not been seized but is within the jurisdiction of the Court pursuant to 28 U.S.C. § 1355(b)(1)(A). The United States does not request authority from the Court to seize the defendant property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(2) and (c)(1):

    a.    post notice of this action and a copy of the Complaint on the defendant property;

    b.    serve notice of this action on the record owner of the defendant property, and any other person or entity who may claim an interest in the defendant property, along with a copy of this Complaint;

    c.    execute a writ of entry for purposes of conducting an inspection and inventory of the property; and

    d.    file a notice of *lis pendens* in the county records where the defendant property are located.

## JURISDICTION AND VENUE

5.  Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6.  This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of the defendant property occurred in this district.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district.

3

## BASIS FOR FORFEITURE

8.      The United States of America seeks forfeiture of the defendant property pursuant

to:

    a)   18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343;

    b)   18 U.S.C. § 981(a)(1)(A), which authorizes forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation 18 U.S.C. §§ 1956 and/or 1957, or any property traceable to such property; and

    c)   18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.

9.      Pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant

property became vested in the United States at the time of the acts giving rise to the forfeiture.


## FACTS

10.      As set forth in detail in the Affidavit of Orrin Ambrose of the Defense Criminal

Investigative Service (DCIS), the Government's investigation has determined that the defendant

property is proceeds of wire fraud violations of 18 U.S.C. § 1343 and derived from proceeds

traceable to and involved in 18 U.S.C. §§ 1956 and 1957.  The owner of the defendant property,

David Turner, engaged in violations of wire fraud, in the Eastern District of Tennessee, and

laundered the proceeds obtained from that same wire fraud.

11.      The defendant property is subject to forfeiture to the United States in accordance

with 18 U.S.C. §§ 981(a)(1)(A), and 981(a)(1)(C).

4

## CLAIM FOR RELIEF

12.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 11 above.

## PRAYER FOR RELIEF

Wherefore, the United States of America prays:

(1)     Defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

(2)     Notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; and

(3)     Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By:     *s/Daniel P. Nugent*
        DANIEL P. NUGENT
        Assistant United States Attorney
        DC Bar No. 499927
        800 Market Street, Suite 211
        Knoxville, Tennessee 37902
        daniel.nugent@usdoj.gov
        (865) 545-4167

5

## **VERIFICATION**

I, Orrin Ambrose, Special Agent, Defense Criminal Investigative Services, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Defense Criminal Investigative Services.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this _18_ day of May, 2026.

Orrin Ambrose
Special Agent
Defense Criminal Investigative Services